UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


CONNIE T.,[1]

        Plaintiff,

   v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

Case No. 6:17-cv-01967-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Connie T. ("plaintiff"), seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Title II Disability Insurance Benefits ("DIB") and Title XVI Social Security Income ("SSI") under the Social Security Act ("Act"). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

    The Commissioner has filed a motion to remand, in which she concedes that the ALJ erred in assessing the medical opinion evidence, but argues that a remand for proceedings, rather than a remand for benefits, is the proper remedy. Def. Br. 2-3, ECF #21. The motion is granted

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member(s).

1 – OPINION AND ORDER

to the extent the Commissioner seeks a remand; however, because the Commissioner's decision is not supported by substantial evidence, the case is REVERSED and REMANDED for the immediate calculation and payment of benefits.

## BACKGROUND

Born in 1960, plaintiff was 53 years old on the alleged onset date. Tr. 79. Plaintiff has past relevant work as a registered nurse, certified nurse's assistant, ward clerk, hospice nurse, and nursing supervisor. Tr. 31-32.

Plaintiff has been diagnosed with chronic back pain, radicular pain, lumbar stenosis with instability, advanced degenerative disc disease, extreme lumbar decompression, anxiety, Type II diabetes, adjustment disorder, and failed back surgery syndrome. Tr. 562, 712, 723-24, 729, 873, 1009, 1022, 1033, 1037.

Plaintiff had a failed back surgery in 2010. Tr. 432. In September 2014, plaintiff underwent an anterior interbody fusion at L3-L4. Tr. 889. That surgery also failed, and plaintiff needed corrective surgery, which was performed in November 2015. Tr. 850, 858, 1004, 1037. The corrective surgery also was unsuccessful in resolving plaintiff's back pain. Tr. 860, 867-69, 1040.

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on March 12, 2014, alleging disability beginning February 26, 2014. Tr. 19. Plaintiff's claims were initially denied on May 15, 2014, and upon reconsideration on September 3, 2014. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") on July 12, 2016, in which plaintiff testified, as did a vocational expert ("VE"). Tr. 40-76. On September 8, 2016, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 19-34. After the Appeals Council

denied her request for review, plaintiff filed a complaint in this court. Tr. 1-6. The ALJ's decision is therefore the Commissioner's final decision subject to review by this court. 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The reviewing court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. This sequential analysis is set forth in the Social Security regulations, 20 C.F.R. §§ 404.1520, 416.920, in Ninth Circuit

3 – OPINION AND ORDER

case law, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)), and in the ALJ's decision in this case, Tr. 20-21.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 21.

At step two, the ALJ found that plaintiff has the following severe impairments: chronic pain syndrome, degenerative disc disease L3-L4, failed back surgery, and obesity. *Id.*

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 23. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that she could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can only occasionally stoop, crouch, kneel, and crawl, she can occasionally climb ramps and stairs, she can never climb ladders, ropes, or scaffolding, and she cannot tolerate exposure to hazards such as machinery and unprotected heights. Tr. 24.

At step four, the ALJ found plaintiff was unable to perform her past relevant work as a registered nurse, certified nurse's assistant, ward clerk, hospice nurse, and nursing supervisor. Tr. 31-32.

At step five, the ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy, including nurse consultant and tumor registrar. Tr. 33.[2]

---

[2] The ALJ found that beginning October 19, 2015, the date that plaintiff's age category changed, she became disabled. Tr. 34. As such, at issue in this case is the time period between the alleged onset date of February 26, 2014, and October 19, 2015, the date that the ALJ determined plaintiff became disabled.

**DISCUSSION**

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. Even if all of the requisites are met, the court may still remand for further proceedings, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021.

Here, the first requisite of the *Garrison* test is met, as the Commissioner concedes that the ALJ erroneously assessed the medical opinion evidence. As to the second requisite, whether the record is fully developed, the court looks to whether there are "*significant factual conflicts* in the record between [the claimant's] testimony and objective medical evidence." *Treichler*, 775 F.3d at 1104 (emphasis added).

The Commissioner argues that the record is not fully developed because it is not clear that "the ALJ intended to assign substantial weight to the entirety of Dr. Maxwell's opinion." Def. Br. 5, ECF #21. The ALJ found that "[a]lthough the medical evidence of record indicates [that] Dr. Maxwell had treated the claimant since at least 2010, his opinion is consistent only to some degree with the medical evidence of record, as it supports some parts of his opinion."

Tr. 31. However, the ALJ failed to identify any parts of Dr. Maxwell's opinion that were not supported by the record. Indeed, the ALJ only cited evidence that supported Dr. Maxwell's conclusion. *See* Tr. 31 (noting plaintiff's failed back surgeries, the failure of the dorsal column stimulator generator, and the fact that plaintiff attended physical therapy sessions but consistently reported no improvement.). Moreover, the ALJ ultimately concluded that "Dr. Maxwell's opinion correctly identified the claimant's impairments and the degree to which they affect the claimant's functionality." Tr. 31. Accordingly, it appears that the ALJ intended to assign substantial weight to the functional limitations assessed by Dr. Maxwell.

The Commissioner next argues that Dr. Dietrich's opinion conflicts with Dr. Maxwell's opinion. Def. Br. 6, ECF #21. Specifically, the Commissioner points to a notation that Dr. Dietrich made related to plaintiff's L3-L4 fusion surgery in September 2014 that plaintiff "could return to work with restrictions and could resume a full day of work after about two months." *Id.* (citing Tr. 848-49). Notably, Dr. Dietrich was predicting how plaintiff's recovery should progress based on his belief at the time that her "back [was] stable and her [L3-L4 anterior lateral interbody] fusion look[ed] pretty good." Tr. 848. However, five months after the surgery, plaintiff reported that her pain had not improved much. Tr. 1057. And one month later, plaintiff was diagnosed with failed back surgery syndrome. Tr. 1037. The following year, in July 2015, plaintiff was still experiencing back pain, as well as burning pain and numbness in her legs. Tr. 850. At that time, Dr. Dietrich acknowledged there was a question as to whether the fusion was solid. *Id.* A few months later, plaintiff was "ambulating using a walker," and Dr. Dietrich noted that she had "significantly more back pain as well as left leg pain." Tr. 854. On November 11,

2015, plaintiff underwent surgery to correct the L3-L4 fusion.[3] Tr. 858. Because plaintiff's September 2014 surgery was unsuccessful, the projections that Dr. Dietrich made regarding plaintiff's recovery were undermined and do not create a significant conflict with Dr. Maxwell's opinion.

The Commissioner next argues that Dr. Maxwell's opinion conflicts with those of non-examining physicians Dr. Dickey and Dr. Vestal. However, the ALJ partially rejected the opinions of the non-examining doctors, noting that they did not have the benefit of reviewing the entire record. Tr. 29. Indeed, the non-examining doctors provided their opinions in May and August 2014, prior to plaintiff's failed fusion surgery in September 2014 and her unsuccessful corrective surgery in November 2015. Tr. 91-93, 102-05, 858, 1022. Dr. Maxwell provided his opinion in July 2016. Tr. 1072. Thus, Dr. Maxwell not only had the benefit of examining and treating plaintiff, he also had the benefit of reviewing an additional two years of medical evidence. Tr. 1068-72. Moreover, the opinions of non-examining physicians are insufficient to establish a significant factual conflict with the opinions of treating and examining physicians. *See Wesman v. Berryhill*, No. 6:16-cv-01222-JR, 2018 WL 1249921, at *11 (D. Or. Feb. 21, 2018), *report and recommendation adopted sub nom. Wesman v. Commissioner of Social Security*, 2018 WL 1247866 (D. Or. Mar. 9, 2018) (finding the contradictory opinions of the non-examining doctors to be insufficient to create a significant factual conflict with the opinions of the treating physicians); *see also Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("The

---

[3] Even that corrective surgery failed to resolve plaintiff's back pain. Two months after the surgery, plaintiff's radicular pain had improved but she continued to have back pain. Tr. 860. Plaintiff subsequently reported that the burning pain in her left leg "still [came] back episodically." Tr. 867. In May 2016, plaintiff reported sharp, stabbing, burning pain in her back that ranged from a seven to a nine out of ten. Tr. 1040.

7 – OPINION AND ORDER

opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician."). Therefore, the opinions of the non-examining physicians do no create a significant factual conflict with Dr. Maxwell's opinion.

As to the third factor in the credit-as-true analysis, if the discredited evidence is credited as true, the ALJ would be required to find plaintiff disabled based on Dr. Maxwell's opinion. Dr. Maxwell opined that plaintiff would only be able to sit for 1-2 hours in an eight-hour workday and would only be able to stand and walk for 1-2 hours in an eight-hour workday. Tr. 1070. Dr. Maxwell also opined that there would be more than four days per month during which plaintiff would not be able to maintain a regular eight-hour work schedule. Tr. 1072. Crediting Dr. Maxwell's opinion compels a finding that plaintiff was unable to sustain work activities on a "regular and continuing basis." SSR 96-8p ("A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). Therefore, the record reflects that plaintiff was disabled under the act.

Where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled." *Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (citing *Garrison*, 759 F.3d at 1021). This case is not one of those "rare instances."

///

///

///

///

///

## CONCLUSION

For the reasons discussed above, the Commissioner's motion to remand (ECF # 21) is GRANTED; however, rather than remanding for further proceedings, the decision of the Commissioner is REVERSED and this matter is REMANDED for the immediate calculation and payment of benefits.

DATED June 10, 2019.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge